Nicolette Glazer Esq. (CSBN 209713)
nicolette@glazerandglazer.com
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars East #800
Century City, California 90067
T:310-407-5353
F:310-407-5354

ATTORNEY FOR PETITIONER

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JESUS GUADALUPE OREA RUIZ
Plaintiff and Petitioner,

vs.

ACTING WARDEN of the Adelanto Detention Center; ERNESTO SANTACRUZ, JR., Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, United States Department of Justice; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; DAVID VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; and DOES 1-5

Defendants-Respondents

Case No.:

Hon:

**PETITION FOR A WRIT OF HABEAS CORPUS**

//

//

//

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States; the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 [hereinafter "INA"]; and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* [hereinafter "APA"].

2. This Court has further jurisdiction under 28 U.S.C. §§ 2241 and 2243; art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States based on a purportedly reinstated final order of removal, Exhibit C, and such custody is in violation of the Constitution, laws, or treaties of the United States.

3. This Court also may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. This Court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. The use of the Writ of Habeas Corpus to challenge detention by ICE is not foreclosed by the REAL ID Act. The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Section 106(c), amending INA §§ 242(a)(2)(A), (B), (C) and § 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not challenges to detention or the denial of constitutional

rights. *See INS v. St. Cyr,* 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention.").

6. This Court could enjoin federal officials pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Philadelphia Co. v. Stimson*, 223 U.S. 605, 619–21 (1912) (applying *Ex Parte Young* to federal official); *Goltra v. Weeks*, 271 U.S. 536, 545 (1926) (same).

7. Plaintiff-Petitioner has exhausted all administrative remedies to the extent available and required by law.

8. Venue properly lies within the Central District of California because each named Defendant-Respondent is present in this district and a substantial part of the events or omissions giving rise to this action occurred and continue to occur in this District. *See* 28 U.S.C. § 1391(b). Petitioner is also currently detained within this district, to wit, at the Adelanto Detention Facility located at 10400 Rancho Road, Adelanto, CA 92301. See Exhibit E. Accordingly, the "restraint complained of" is occurring within the Court's territorial jurisdiction. *See* 28 U.S.C. § 2241(a).

9. No petition for habeas corpus has previously been filed in any court to review the named Plaintiff-Petitioner's detention.

**PARTIES**

10. Petitioner is a national and citizen of Mexico who entered without inspection approximately 19 years ago. See Exhibit A. He was detained without a warrant, a notice, or an opportunity to be heard prior to deprivation of liberty on or about 21 July 2026. See Exhibit A.

11. The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

12. ICE is an agency within DHS with the primary mission of arresting, detaining, and removing non-citizens physically present within the territory of the United States. ICE is also responsible for the custody and care of all detained non-citizens awaiting resolution of their immigration cases or removal after a final order of removal has been entered.

13. Defendant Markwayne Mullin is the Secretary for DHS. In this capacity, he has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over ICE and its field offices, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Mullin was acting within the scope and course of his position as the Secretary for DHS. Defendant Mullin is sued in his official capacity.

14. Defendant Todd Blanche is the Acting Attorney General of the United States. In this capacity, Mr. Blanche currently oversees the immigration court system, including all immigration judges and the Board of Immigration Appeals, and has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over EOIR and all immigration judges, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Blanch was acting within the scope and course of his position as the Acting Attorney General of the United States. Defendant Blanche is sued in his official capacity.

15. Defendant-Respondent David Venturella is the Acting Director and Senior Official Performing the Duties of the Director of ICE. Defendant Venturella is responsible for the implementation of all ICE's policies, practices, and procedures, including those relating to the detention of non-citizens. Defendant Venturella is a legal and immediate custodian of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Venturella was acting within the scope and course of his position as an ICE official. He is sued in his official capacity.

16. Defendant Acting Warden is the warden of the Adelanto Detention Center in Adelanto, CA, where Plaintiff-Petitioner is currently detained. Defendant Acting Warden is the immediate and physical custodian of Plaintiff-Petitioner. He/she is sued in his/her official capacity.

17. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants-Respondents named herein as Does 1 through 5 are unknown to Plaintiff-Petitioner, who therefore sues said Respondents by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when ascertained. Does 1 through 5 are the immediate, physical custodians of Plaintiff-Petitioner.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

18. Petitioner is a 45-year-old national and citizen of Mexico who entered without inspection 19 years ago. See Exhibit A.

19. Petitioner is married and is the main financial provider for his United States Citizen step-daughter who suffers from a severe form of depression. Id.; see also Exhibit B.

20. On 21 July 2026 Petitioner was walking to get his car near his home when two unmarked cars blocked him. See Exhibit A. Several masked individuals jumped out from the cars an accosted Petitioner asking him "if I had paper[s]". Id. Without allowing Petitioner even an opportunity to respond, the ICE/BP officers handcuffed him and took him into custody without providing a reason for the detention. See Id.

21. Respondents did not have an I-200 warrant for Petitioner's arrest at the time they took him into custody nor were they in possession of a lawfully issued Notice to Appear ("NTA"). See Exhibit C.

22. On or about 27 July 2026 Respondents filed a post-dated NTA with the EOIR charging Petitioner as inadmissible pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), which deems inadmissible those "present without being admitted or paroled who arrived at a place and time other than as designated by the Attorney General." Id.

23. Petitioner's custody status was summarily continued without individualized consideration.

24. Respondents refuse to release Petitioner or provide reasons for his continued detention asserting, in violation of settled and binding precedent, that he is subject to mandatory detention under section 1225(b).

## RELEVANT IMMIGRATION STATUTORY SCHEME

### Section 1225(b)(1) Expedited Removal Proceedings

25. The expedited removal process, created by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, is codified in INA § 235(b)(1), 8

U.S.C. §1225(b)(1). The INA permits the DHS to summarily remove non-citizens arriving at a designated U.S. port of entry (‘arriving aliens’) "without further hearing or review" if they are inadmissible either because they (1) lack valid entry documents, or (2) tried to procure their admission into the United States through fraud or misrepresentation. INA § 235(b)(1) also authorizes—but does not require—DHS to extend application of expedited removal to "certain other aliens" inadmissible on the same grounds if they (1) were not admitted or paroled into the United States by immigration authorities and (2) cannot establish at least two years' continuous physical presence in the United States at the time of apprehension.

26. Respondents have implemented expedited removal mainly for three overarching categories of aliens who lack valid entry documents or attempted to falsely procure admission: (1) arriving aliens (defined by regulation as aliens arriving at U.S. ports of entry); (2) aliens who entered the United States by sea without being admitted or paroled into the United States, and who have been in the country less than two years; and (3) aliens apprehended within 100 miles of the U.S. border within two years of entering the country, and who have not been admitted or paroled.

**27.** Respondents elected not to invoke the expedited removal process when they first apprehended Petitioner. See Exhibit C.

**<u>Regular or ‘Section 240’ Removal Proceedings</u>**

28. The second option for Respondents under the INA is to initiate what is commonly referred to as “section 240” proceedings, the standard mechanism for

removing inadmissible noncitizens. Section 240 removal proceedings take place before an immigration judge (IJ), an employee of the Department of Justice who must be a licensed attorney and has a duty to develop the record in cases before them. 8 U.S.C. § 1229a(a)(1), (b)(1); 8 C.F.R. § 1003.10(a). These are adversarial proceedings in which the noncitizen has the right to hire counsel, file for all relief from removal within the jurisdiction of the immigration judge, examine and present evidence, and cross-examine witnesses. 8 U.S.C. § 1229a(b)(4). Section 240 proceedings typically take place over the course of multiple hearings., thus allowing time for individuals to gather and present evidence in support of petitions for relief available in immigration court (like asylum, adjustment of status, cancellation of removal, etc.) and to seek collateral relief from other components of the Department of Homeland Security (like U and T visa). See 8 U.S.C. §§ 1229a(b)(4)(B), (c)(4), 1229b.

**29.** After an IJ renders a decision, either party may appeal to the Board of Immigration Appeals. 8 C.F.R. §§ 1240.15, 1003.1. If the Board upholds a removal order, the noncitizen can appeal that decision to a federal court of appeals via a petition for review. 8 U.S.C. § 1252.

## <u>Immigration Detention</u>

**30.** The INA governs the use of immigration detention both pre- and post-final order. Post-final-order immigration detention is governed by 8 U.S.C § 1231(a); pre-final-order detention by 8 U.S.C. § 1226.

31. In 8 U.S.C. §§ 1226 and 1231 Congress created different, but interrelated, comprehensive frameworks for detaining criminal and non-criminal non-citizens.

32. Section 1226 authorizes the detention of non-citizens during the pendency of removal proceedings and during stay-covered appeals: section 1226(a) controls non-criminal aliens' detentions, while section 1226(c) controls criminal aliens' detentions. *See* 8 U.S.C. § 1226(a)&(c); *see also Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). Once a non-citizen's removal proceedings are completed ICE's detention authority is controlled by section 1231, which also distinguishes between non-criminal and criminal non-citizens. *See* 8 U.S.C. § 1231.

*Section 1226(a) and Non-Criminal Non-citizens*
*During Removal Proceedings*

33. The Attorney General has discretion to detain a non-criminal non-citizen "pending a decision on whether the alien is to be removed from the United States." *See* 8 U.S.C. § 1226(a). The Attorney General may detain the non-citizen for the duration of the removal proceedings or release him on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

34. In connection with § 1226(a), the DHS promulgated regulations setting out the process by which a non-criminal non-citizen may obtain release. The regulations provide that, in order to obtain bond or conditional parole, the "alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *See* 8 C.F.R. § 1236.1(c)(8).

*Section 1226(c) and Criminal Non-citizens*
*During Removal Proceedings*

35. Although the Attorney General has broad discretion to release non-criminal non-citizens during the pendency of their removal proceedings, the INA limits the

Attorney General's discretion in the case of criminal non-citizens. Specifically, section 1226(c) mandates that "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed [certain specified offenses]." *See* 8 U.S.C. § 1226(c)(1)(B).

36. Section 1226(c) provides that the Attorney General may release a criminal non-citizen "only if" necessary for narrow witness protection purposes. *See* 8 U.S.C. § 1226(c)(2). Under § 1226(c), custody is mandatory for criminal non-citizens throughout the entirety of their removal proceedings, and there is no statutory possibility for release on bond.

37. Petitioner was never detained under the authority of section 1226(c) as he has no qualifying criminal record.

## COUNT ONE

### Detention in Violation of the Fifth Amendment
### (substantive due process)
### Against all Defendants

38. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

39. The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. U.S. Const. Amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

40. "Government detention violates the Due Process Clause unless it is ordered in a criminal proceeding with adequate procedural safeguards, or in certain special

and non-punitive circumstances 'where a special justification, . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1076 (N.D. Cal. 2004) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

41. The U.S. Supreme Court in *Zadvydas* interpreted 8 U.S.C. §1231(a) to allow continued detention only for a period reasonably necessary to secure the person's removal, because any other reading would go beyond the government's articulated interest–to effect the non-citizen's removal. *See Kay v. Reno*, 94 F.Supp.2d. 546, 551 (M.D. Pa. 2000) (granting writ of habeas corpus, because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government's primary legitimate purpose in detention–executing removal–is nonsensical.")

42. Respondents cannot show any "special justification" or compelling governmental interest which would outweigh Petitioner's constitutional liberty.

**COUNT TWO**
**Procedural Due Process Claim**

43. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

44. Petitioner's continued detention is a violation of his Constitutional procedural due process rights.

45. Under the Due Process Clause non-citizens like Petitioner are entitled to a timely and meaningful opportunity to demonstrate that they should not be detained. Petitioner in this case has been denied that opportunity.

46. Petitioner was not afforded either a pre- or a post deprivation hearing to address the legality of his detention.

47. Respondents have a uniform policy and practice of not making individualized decisions concerning custody status at the time they take an individual into detention and at the expiration of the statutory removal period and/or when formal requests are made; and when decisions are made, they are not made in a neutral and impartial manner.

48. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision is made or appeal a custody decision that violates *Zadvydas*.

49. Petitioner's private interests affected by Respondents' actions are profound—his physical liberty. The risk of erroneous deprivation of liberty is high because Petitioner is neither a flight risk nor a danger to the community but is subject to potentially indefinite detention.

50. The government's interest in Petitioner's continued punitive administrative detention is minimal.

51. The deprivation of Petitioner's liberty interests far outweighs the government's interest in arrests and continued detention where there is no reasonably foreseeable chance of repatriation at this time.

52. The burden on the Government for the additional process requested by Petitioner, to wit, a notice of continued detention and denial of release, an opportunity to respond, and be heard would be minimal.

53. Petitioner has no other judicial venue to challenge the legality of his detention.

54. Not affording him a judicial forum to challenge the legality of his detention through this habeas corpus proceeding would also violate the Suspension Clause of the U.S. Constitution.

55. Respondents' refusal afford Petitioner a pre-deprivation hearing is contrary to the agency's constitutional power and obligations under the Fifth Amendment's Due Process Clause, as explained above.

56. Petitioner's continued detention is also not in accordance with the INA and implementing regulations as cited and discussed above.

## COUNT THREE

### Unreasonable Search and Seizure—Detention and Arrest in Violation of the Fourth Amendment
### Against all Respondents

57. Petitioner repeats and re-alleges the allegations in paragraphs 1 through 37 above.

58. Except at the border and its functional equivalents, the Fourth Amendment prohibits Respondents from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *United States v. Sokolow*, 490 U. S. 1, 7 (1989).

59. "A person's mere propinquity to others independently suspected of [unlawful] activity does not, without more, give rise to probable cause to search [or seize] that person." *Perez Cruz v. Barr*, 926 F.3d 1128, 1138 (9th Cir. 2019) (quotation omitted). "'Reasonable suspicion' is no different." *Id*.

60. Respondents have a policy, pattern, and practice of stopping individuals without regard to reasonable suspicion that they are unlawfully in the United States. As a part of Respondents' policy, pattern, and practice, when conducting stops, they engage in a show of force so overwhelming that a reasonable person would not feel free to leave. As a matter of policy, pattern, and practice, Respondents do not evaluate the need for force or tailor the force they use to the circumstances of individual stops and arrests.

61. In this case Respondents had no objectively reasonable or specifically articulable factual basis to suspect that Petitioner was involved in the commission of any crime, nor did Respondents have any confirmation that Petitioner had committed any deportable crime, posed threat to anyone, nor did they observe Petitioner in possession of any illegal objects, contraband, or weapons.

62. Respondents restrained, detained, and interrogated Petitioner without reasonable suspicion, arrested him without probable cause, and provided no notice to either him or his immigration attorney as to the basis of his detention. The scope and manner of Respondents' actions in detaining, arresting, and interrogating of Petitioner was unreasonable.

63. Respondents' conduct violated Petitioner's right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

64. Petitioner seeks a declaration that Respondents violated his 4th Amendment rights.

65. Petitioner also seeks to set aside Respondents' policy of arresting non-citizens without probable cause and without a warrant. Respondents also permit officers to create post hoc administrative warrants and without issuing notices to appear, thereby violating a clear and mandatory duty imposed by statute and regulations.

**COUNT FOUR**
**Detention in violation of 8 U.S.C. § 1226(a)**
**against All Respondents**

66. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

67. Petitioner is subject to section 1226(a).

68. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. See 8 C.F.R. 236.1(d) & 1003.19(a)-(f). Yet, Respondents refuse to accord Petitioner his statuary rights, asserting that he is subject to mandatory detention under section 1225(b).

69. Petitioner's continuing detention is therefore unlawful.

**COUNT FIVE**

**Violation of 8 U.S.C. § 1357(a)(2) Warrantless Arrests**
**Without Probable Cause of Flight Risk**
**against All Respondents**

70. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

71. 8 U.S.C. § 1357(a)(2) requires that arrests without a warrant be accompanied by "reason to believe" that an individual is "likely to escape before a warrant can be obtained for [their] arrest."

72. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance or training to agents and officers on how to make an individualized determination of likelihood of escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

**COUNT SIX**

**Violation of 8 C.F.R. § 287.8(c)(2)(ii)**
**against All Respondents**

73. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

74. By regulation Respondents are required to conform warrantless arrests to the standards in 8 C.F.R. § 287.8(c), including the requirement of 8 C.F.R. § 287.8(c)(2)(ii) that officers have reason to believe that an individual is "likely to escape before a warrant can be obtained."

75. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk.

76. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance to agents and officers on how to make an individualized determination of likelihood of

escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

**COUNT SEVEN**
**(Violation of the Rehabilitation Act – Failure to Provide Reasonable Accommodation to Persons with Disabilities)**
**Against All Defendants**

77. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

78. Section 504 of the Rehabilitation Act requires federal agencies to provide "reasonable accommodations" to individuals with disabilities so they can fully participate in benefits administered by these agencies. (29 U.S.C. § 794(a)).

79. DHS regulations implementing the Rehabilitation Act mandate that "[n]o qualified individual with a disability in the United States, shall, by reason of his or her disability, be excluded from participation in, be denied benefits of, or otherwise be subjected to discrimination under any program or activity conducted by the Department." (6 C.F.R. § 15.30; see also 29 U.S.C. § 794(a).

80. The regulations implementing Section 504 prohibit entities receiving federal financial assistance from utilizing "criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons." (34 C.F.R. § 104.4(b)(4).)

81. Petitioner is suffering from diabetes and high blood pressure. See Exhibit A. Petitioner's medical conditions qualify as disabilities under the Rehabilitation Act

and they affect his daily life functions such as walking, working, stooping, bending, sleeping, and exercising.

82. Petitioner has been denied access to medical care, prescription medications, mental health monitoring, food appropriate for comorbidities, and preventive care. Id.

83. The removal proceedings as codified in the INA are a benefit or program administered by Respondents and Petitioner is entitled to participate in the removal process. The services, programs, and activities within the detention centers where DHS detains non-citizens receive substantial federal financial assistance.

84. Medical care as promulgated and mandated by ICE National Detention Standards (NDS) 2019 and/or the Performance-Based National Detention Standards 2011 (amended 2016) is a benefit or program administered by Respondents and Petitioner is entitled to participate and receive the benefits of said program.

85. Petitioner has requested a reasonable accommodation but has been denied said.

**COUNT EIGHT**
**Violation of ICE Regulations and Agency Policy (Accardi Doctrine)**

86. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 37 above.

87. ICE failed to follow its own regulations regarding arrest, detention, reinstatement of removal, and release policies. This violates the *Accardi* doctrine (United States ex rel. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954)) and the Administrative Procedure Act.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Grant this Petitioner's petition and order Petitioner's release pending adjudication on the merits of his removal proceedings; or, in the alternative, order Respondents to afford Petitioner a proper custodial determination before a neutral decision maker;

(3) Issue a Writ of Habeas Corpus on the ground that Petitioner's continued detention violates the Due Process Clause and order Petitioner's immediate release under reasonable conditions of supervision;

(4) In the alternative, issue injunctive relief ordering Respondents to immediately release Petitioner, on the ground that his continued detention violates his constitutional due process rights and to place Petitioner on an order of supervision;

(5) Issue an injunction ordering Respondents not to arrest and re-detain Petitioner without a proper finding that he has committed a violation of the conditions of release or removal has become reasonably foreseeable;

(6) Issue an injunction ordering Respondents not to revoke Petitioner's grant of release without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty;

(7) Issue an injunction prohibiting the transfer of Petitioner outside of the jurisdictional limits of this Court;

(8) Enter a judgment declaring that Respondents' detention of Petitioner is and will be unauthorized by statute and contrary to law;

(9) Award Petitioner reasonable costs and attorney fees.

Respectfully Submitted by

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

VERIFICATION OF COUNSEL

I am counsel for the Petitioner who is detained by ICE outside of the counties in which I maintain my offices and she can’t easily receive and return documents. Accordingly, I make this verification for and on behalf of Petitioner for that reason. I have conducted a reasonable investigation into the facts and circumstances in this case. I have interviewed the available witnesses, and I am informed and believe that on that ground I allege the factual matters stated in the foregoing Petition for Habeas Corpus are true and correct to the best of my knowledge. I so declare under penalty of perjury.

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

My name is Jesus Guadalupe Orea Ruiz and I am over 18 years old and the following is my declaration is truth and correct to the best of my knowledge

1. My name is Jesus Guadalupe Orea Ruiz
2. I am from Mexico.
3. I am 45 years old.
4. I have entered in the United States over 19 years.
5. I am married
6. I was caught at the border the first time when I entered.
7. I escaped from my country because I have fear to return to our country.
8. On 7/21/2026, I was walking to get my car at the corner of my house. There were 2 unmarked cars that stopped in front of me. Few masked people jumped out from the cars and blocked my way. They asked me if I had paper. They handcuffed me and took me inside one of their cars. They didn't tell me why they had to detain me.
9. They took me to Adelanto Detention Center.
10. The situation is very bad there.
11. There are a lot of people staying in the same place. I have so much fear inside and I worry so much about my life.
12. I am very depressed and I am under a lot of stress inside. I have suffered from diabetics and high blood pressure and the condition is getting worse. They only gave me the medication for my diabetics but not my high blood pressure. There are a lot of sick people there. The food is very bad and is not eatable.
13. I could not sleep because of what happened to me. It is a nightmare to me about what happened on 7/21/2026. I came to this country to seek refugee because of the country condition in my country. I never expected to have those inhuman treatments like this. When I slept at night, I would have nightmare about what happened on 7/21/2026.
14. I miss my family especially my wife and my children. My stepchild suffers from depression and I am so worried about her health. My wife has been suffering from medical conditions including high cholesterol, fatty liver and pre diabetics.
15. I feel very helpless and vulnerable under this circumstance and I am so afraid of my life if I continue to stay inside.
16. I need to get out of there since my family needs me.
17. I miss my family and I need your help

Jesus Guadalupe Orea-Ruiz

I, Vanessa Saenz, prepared the contents of the above declaration at the request and with the permission of Jesus Guadalupe Orea Rui. I am competent in interpreting from English to Spanish. I read the information contained herein to the Petitioner in Spanish to the best of my ability. The Petitioner confirmed to me that all the translated information from Spanish to English and vice versa in this document is true and correct and adopted the contents of the declaration as his own Jesus Guadalupe Orea Ruiunequivocally authorized me to affix his name as an indication of approval and adoption as he is detained and cannot receive and send documents easily.

I declare under penalty of perjury on 08/01/2026,

______________________________

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

DOB: 12/10/1980

Event No: VEN2607000127

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 403068473 FINS: 20484672 File No: 246 062 086

In the Matter of:

Respondent: JESUS GUADALUPE OREA-RUIZ currently residing at:

10250 Rancho Rd Adelanto, CALIFORNIA 923012732 (760) 561-6100

(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of MEXICO and a citizen of MEXICO;
3. You entered the United States at or near Unknown Place, on or about unknown date;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

10250 RANCHO RD, STE 201A, ADELANTO, CALIFORNIA 923012237. ADELANTO DETENTION FAC. WEST

*(Complete Address of Immigration Court, including Room Number, if any)*

on August 4, 2026 at 1:00 pm to show why you should not be removed from the United States based on

*(Date)* *(Time)*

the charge(s) set forth above. B. 2319 ASPERIN - SDDO

*(Signature and Title of Issuing Officer)*

Date: July 21, 2026 Camarillo, CA

*(City and State)*

EOIR — 1 of 3

Uploaded on: 07/22/2026 at 01:11:09 PM (Pacific Daylight Time) Base City: ADL

## Notice to Respondent

**Alien Registration:** This Notice to Appear serves as evidence of your alien registration pursuant to INA § 262. If you are 18 years or older, failure to carry this Notice to Appear, or other evidence of alien registration as provided in 8 C.F.R. § 264.1(b), on your person at all times is a criminal offense pursuant to INA § 264(e), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days.

**Notification to the Department of Homeland Security (DHS) of Change of Address:** All aliens aged 14 years or older, and all parents and legal guardians of aliens under the age of 14, must report a change of address to U.S. Citizenship and Immigration Services, a component of DHS, within 10 days of moving, pursuant to INA § 265(a). Failure to notify DHS of your change of address is a criminal offense pursuant to INA § 266(b), for which you may be subject to a criminal penalty of $5,000 and imprisonment of up to 30 days. More information is available online at **https://www.uscis.gov/addresschange**. **This obligation is in addition to your obligation to notify the Immigration Court of your change of address.**

**Representation:** If you choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to INA §§ 240(b)(4)(A) and 292. Unless you request otherwise in writing, no hearing will be scheduled earlier than 10 days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost is provided with this notice.

**Conduct of the hearing:** At your hearing you will be given the opportunity to admit or deny any or all of the allegations in this Notice to Appear, including that you are inadmissible or deportable. You will be advised by the immigration judge of any relief from removal for which you may appear eligible, including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge. At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross-examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to INA § 208(a)(2)(B).

**Notification to the Immigration Court of Change of Address:** You are required to notify the Immigration Court, in writing, of your full mailing address and telephone number (if any). You must also immediately notify the Immigration Court whenever you change your address or telephone number during the course of this proceeding by using Form EOIR-33/IC, Change of Address/Contact Information Form. Notices of hearing will be mailed to this address. If you file a Form EOIR-33/IC with the Immigration Court, you must serve a copy on the ICE Office of the Principal Legal Advisor. If you change your address or telephone number during the course of this proceeding and do not submit Form EOIR-33/IC, the Immigration Court shall not be required to provide you with written notice of your hearing. **This obligation is in addition to your obligation to notify DHS of your change of address.**

**Failure to Appear:** If you fail to attend the hearing at the date, time, and place designated on this notice, or any date, time, or place later directed by the Immigration Court, the immigration judge shall order you removed in your absence upon determining that you were provided written notice and are removable. If you are arrested by ICE after being ordered removed in your absence by the immigration judge pursuant to INA § 240(b)(5), you will be required to pay a minimum fee of $5,000, adjusted for inflation, or a greater amount as established by the Secretary of Homeland Security.

**Mandatory Duty to Depart the United States:** If you become subject to a final order of removal as defined in 8 C.F.R. § 1241.1, you must depart the United States within 90 days of the order. If you do not depart, you may be subject to a civil penalty under INA § 274D(a) of $500 per day, adjusted for inflation, and imprisonment of up to 4 years (or 10 years if you belong to certain specified classes described in INA § 237(a)(1)(E), (2), (3), or (4)). If you are granted voluntary departure, you must comply with the terms of the voluntary departure order. If you fail to voluntarily depart within the time provided, you will be subject to a final order of removal, may be ineligible for certain immigration benefits for a period of 10 years from the date you overstayed the order, and may be subject to a civil penalty from $1,000 to $5,000, adjusted for inflation. For additional information, refer to the order granting voluntary departure, as well as INA § 240B(d).

**Sensitive Locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in INA § 239(e)(1), such action complied with 8 U.S.C. § 1367.

EOIR — 2 of 3

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: ______________________________
(Signature of Respondent)

______________________________ Date: __________
(Signature and Title of Immigration Officer)

### Certificate of Service

This Notice To Appear was served on the respondent by me on July 21, 2026, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ________ requested ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

Refused to Sign — (Signature of Respondent if Personally Served)

AR A08097 RAMIREZ - Deportation Officer — (Signature and Title of officer)

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at .
When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at . Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR - 3 of 3

An official website of the United States government

Here's how you know

EOIR | Automated Case Information

**Court Closures Today** August 23, 2026

Please check https://www.justice.gov/eoir-operational-status for up to date closures.

Home > **OREA-RUIZ, JESUS GUADALUPE (246-062-086)**

# Automated Case Information

## Name: OREA-RUIZ, JESUS GUADALUPE | A-Number: 246-062-086 | Docket Date: 7/27/2026

### Next Hearing Information

Your upcoming **MASTER** hearing is **IN PERSON** on **September 17, 2026** at **1:00 PM**.

**JUDGE**

Barrett, Patrick D.

**COURT ADDRESS**

10250 RANCHO ROAD, SUITE 201A

ADELANTO, CA 92301

Official Website of the Department of Homeland Security

Report Cri

Main Menu

# Search Results: 1

**JESUS GUADALUPE OREA-RUIZ**

**Country of Birth :** Mexico

**A-Number:** 246062086

**Status :** In ICE Custody

**State:** CA

**Current Detention Facility**: ADELANTO ICE PROCESSING CENTER

** Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

## Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

## External Links

Bureau of Prisons Inmate Locator

DHS.gov USA.gov OIG Open Gov FOIA Metrics No Fear Act Site Map Site Policies & Plug-Ins

## Court Decision and Motion Information

*This case is pending.*

## BIA Case Information

No appeal was received for this case.

## Court Contact Information

If you require further information regarding your case, or wish to file additional documents, please contact the immigration court.

**COURT ADDRESS**

10250 RANCHO RD, SUITE 201A
ADELANTO, CA 92301

**PHONE NUMBER**

(760) 561-6500

Privacy Policy

Legal Policies & Disclaimers
Social Media

Budget & Performance

Office of the Inspector General

No FEAR Act

For Employees
EOIR Freedom of Information Act (FOIA)

USA.gov

Contact EOIR

EOIR Home

Justice.gov
Immigration Court Online Resource

Contact Technical Support

This site is protected by hCaptcha:

hCaptcha Privacy Policy

hCaptcha Terms of Service

---

Department of Justice | Executive Office for Immigration Review
*5107 Leesburg Pike, Suite 2600, Falls Church, VA 22041*

EOIR | Automated Case Information